```
 1                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
 2                             AT TACOMA

 3

 4   UNITED STATES OF AMERICA,    )  Docket No. CR05-5828FDB
                                  )
 5            Plaintiff,          )  Tacoma, Washington
                                  )  March 4, 2008
 6   vs.                          )
                                  )
 7   BRIANA WATERS,               )  VOLUME 16
                                  )
 8            Defendant.          )
                                  )
 9

10
                        TRANSCRIPT OF PROCEEDINGS
11            BEFORE THE HONORABLE FRANKLIN D. BURGESS
       SENIOR UNITED STATES DISTRICT COURT JUDGE, and a Jury.
12
     APPEARANCES:
13
     For the Plaintiff:       MARK N. BARTLETT
14                            ANDREW C. FRIEDMAN
                              Assistant United States Attorney
15                            700 Stewart Street, Suite 5220
                              Seattle, Washington 98101-1271
16
     For the defendant:       ROBERT BLOOM
17                            Attorney at Law
                              3355 Richmond Boulevard
18                            Oakland, California 94611

19                            NEIL M. FOX
                              Cohen & Iaria
20                            1008 Western Ave., Suite 302
                              Seattle, Washington 98104
21

22   Court Reporter:          Teri Hendrix
                              Union Station Courthouse, Rm 3130
23                            1717 Pacific Avenue
                              Tacoma, Washington  98402
24                            (253) 882-3831

25   Proceedings recorded by mechanical stenography, transcript
     produced by Reporter on computer.
```

```
 1                TUESDAY, MARCH 4, 2008 - 11:50 A.M.
 2                             * * *
 3       (Jury not present.)
 4            THE CLERK:  This is in the matter of United States
 5   versus Briana Waters, CR05-5828FDB.
 6       Counsel, please make an appearance for the record.
 7            MR. FRIEDMAN:  Good morning, Your Honor, Andrew
 8   Friedman and Mark Bartlett for the United States.
 9            MR. FOX:  Good morning, Neil Fox and Mr. Bloom for
10   Ms. Waters.
11            THE COURT:  All right, this is another note that came
12   out from the jury at 11:25 this morning, March 4.  The
13   question reads:  " Do we need to reach a unanimous verdict on
14   each count?"
15       Well, I thought this was well addressed in the
16   instructions about each count was a separate charge, and they
17   had to make a unanimous decision on each count.  As I look
18   through the instructions, Instruction No. 11 and No. 30 are
19   dealing with it, as well as the verdict form is dealing with
20   with it.
21       I will hear from you as to the answer.  It seems to me the
22   answer, of course, is yes.  I guess the underlying question in
23   this thing in order to convict, it sounds like -- I don't know
24   if that's what they are saying, you don't need a unanimous on
25   anything else.
```

1    MR. BARTLETT: It could be acquit or guilty.
2        I would suggest the following language to help them: "In
3    order to return a verdict on a count, you must reach a
4    unanimous verdict on that count."
5        THE COURT: Well, that's what they said, do you need
6    to reach a unanimous verdict on each count?
7        MR. BARTLETT: That is the language I would suggest
8    the Court give them. I think that is the law, and that will
9    answer the question directly.
10       THE COURT: Well, that's different than yes?
11       MR. BARTLETT: I think it is a little different than
12   yes, Your Honor.
13       THE COURT: All right.
14       MR. FOX: Your Honor, we would suggest language to
15   the effect of: "To reach a verdict on any count, you need to
16   be unanimous." But I would go further and say, "however, you
17   should not surrender your conscientiously held beliefs simply
18   to reach a verdict."
19       THE COURT: I have said that in the instructions. I
20   don't want to say that again. I am trying not to point to any
21   specific instruction. I don't have the instructions here
22   before me but I think it said -- is that what it said?
23   I don't intend to write a new instruction, like start adding a
24   lot of things to it. Look at Instruction No. 30. I think
25   that is saying all of what you are saying. You don't give up

1  your position because --
2           MR. FOX:  You are right, Your Honor, it is in there.
3           THE COURT:  Then about No. 11, if you look at that,
4  it talks about a separate crime is charged.  You must decide
5  them separately.  You must find these beyond a reasonable
6  doubt.
7       No. 30, I just talked about.  What else is there, other
8  than perhaps reread, refer back to your instructions, without
9  singling them out, one or the other; but it is there.
10      Anything else you want to add?
11          MR. FOX:  No, Your Honor.
12          MR. BLOOM:  I think what you are saying, you don't
13 want to refer them to a specific instruction.
14          THE COURT:  That's correct, because I told them to
15 consider the instructions as a whole, and that's what I want
16 them to do.
17          MR. BLOOM:  Would the language be:  "Please reread
18 your instructions."?
19          THE COURT:  I am saying as to a unanimous verdict,
20 "yes," I guess kind of answers that; but I am also telling
21 them -- I don't know what they are asking.  Well, unanimous
22 verdict can only go to conviction.
23          MR. BARTLETT:  It can go to acquittal too, Your
24 Honor.
25          MR. FOX:  I guess they don't need to reach a

1  unanimous verdict on any count.
2      THE COURT: They could come somewhere in between and
3  you get no decision; but I am talking about trying to answer
4  this question, and answering it with some neutrality in it so
5  they can go and keep doing their job. The answer is "yes," I
6  suppose, "read your instructions."
7      MR. BARTLETT: The answer really isn't yes, though,
8  because if you say the answer is "yes," then you are telling
9  them they have to reach a verdict; and that actually is
10 inaccurate.
11     The real answer is: "In order to reach a verdict, it must
12 be unanimous." I know it's a subtle difference, but it really
13 is a difference.
14     MR. FOX: And I guess --
15     THE COURT: I have said that in the instructions, so
16 maybe the answer is just reread your instructions.
17     MR. FOX: That's probably accurate.
18     THE COURT: I know it takes them around a long way,
19 but at the same time, if you are saying that "yes" won't
20 fit --
21     MR. BARTLETT: It won't.
22     THE COURT: Then that's the answer, "reread your
23 instructions," because when you look at the instructions, the
24 answer is there, how they are to apply them to the facts.
25     MR. FOX: Okay.

1        THE COURT:  Okay.  Let's take a break and I will
2  compose something, and I will run it back by you and see if
3  you agree.
4        MR. FOX:  I just wanted to make a record that we
5  filed this morning additional articles that came off the
6  Internet.
7        THE COURT:  That's supplementing your motion?
8        MR. FOX:  That's right, and at this point we are
9  renewing our motion based upon everything we said yesterday
10 and the addition of the materials.
11       THE COURT:  All right, and I am still denying any
12 mistrial, but you made your record.
13    Okay, let me do this.  We are at recess.
14       THE CLERK:  All rise, Court is in recess.
15       (Court recessed at 11:57 a.m. pending further
16 deliberations.)
17                        * * *
18       (Back in open court at 4:30 p.m.)
19       THE COURT:  All right.  You may be seated.  I guess
20 they are ready to go for another day.
21    Anything we need to take up before I bring them in?
22       MR. FOX:  I would ask the Court give them the same
23 admonition yesterday at closing, that the jurors not look at
24 any media, TV, radio, to avoid -- the stories that we have
25 been referring to, have been all over the media today.  They

1  are the lead stories, front page news in the Seattle Times.
2  And I would ask the Court to give those admonitions.
3          THE COURT:  All right.  Bring them in.
4      (Jury present.)
5          THE COURT:  You may be seated.  Good afternoon.  It
6  is my understanding, now, that you have done enough work for
7  the day and you want to go home and start again in the
8  morning.
9      All right, so we will have you do that and of course
10 report back in the jury room at 9:00 in the morning.
11     As always, I keep saying this, don't discuss the case.
12 Don't research.  Don't do anything.  Don't turn on your TV.
13 Don't read anything.  If it sound anything close to this, run
14 the other way and do all those kinds of things.
15     Everything you need to decide this case, you have there in
16 that jury room.  That's what I want you to consider to do that
17 job.
18     So, with that, I will see you back here at 9:00.  You are
19 not to begin work until you are all there.
20     (Jury excused for day at 4:32 p.m.)
21         THE COURT:  All right, you may be seated.  If there's
22 nothing else, we are at recess.
23     Same thing, of course, by 10:00 make your contact.  Let us
24 know where you are so you can be here within 15 minutes, if
25 necessary.

1    THE CLERK:  All rise, Court is adjourned.
2        (The Court recessed to Wednesday, March 5, 2008, at
3  the hour of 10:00 a.m.)
4                    *    *    *    *    *
5                     C E R T I F I C A T E
6
7    I certify that the foregoing is a correct transcript from
8  the record of proceedings in the above-entitled matter.
9
10 /S/  Teri Hendrix_____              May 5, 2008
11 Teri Hendrix, Court Reporter                Date